**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LUIS REY,<br>    Petitioner,<br><br>  v.<br><br>STATE OF NEW JERSEY,<br><br>    Respondent. | Civil No. 06-2880 (FSH)<br><br><br><br>**O P I N I O N** |

**APPEARANCES:**

Petitioner pro se  
Luis Rey  
209 Cedar Street  
Paterson, NJ 07501

Counsel for Respondents  
Christopher W. Hsieh  
Passaic Co. Prosecutor Office  
401 Grand Street  
Paterson, NJ 07505

**HOCHBERG**, District Judge

  Petitioner, Luis Rey, was a prisoner confined at the Mid-State Correctional Facility, Wrightstown, New Jersey at the time he submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The named respondents are Warden John Robertshaw and the State of New Jersey.

  For the reasons stated herein, the Petition must be dismissed for failure to exhaust state court remedies.

## BACKGROUND

On April 8, 2002, Petitioner was living with a woman and her female child.  Petitioner, dressed only in his underwear, went into the child's bedroom and touched the girl's "breast area."

Petitioner was indicted in Passaic County on the following counts: second-degree attempted aggravated sexual assault, contrary to N.J.S.A. 2C:14-2a(2)(c) and 2C:5-1 (count one); second-degree attempted sexual assault, contrary to N.J.S.A. 2C:14-2(c)(4) and 2C:5-1 (count two); second-degree aggravated sexual contact, contrary to N.J.S.A. 2C:14-3a (count three); fourth-degree criminal sexual contact, contrary to N.J.S.A. 2C:14-3b (count four); and second-degree endangering the welfare of a child, contrary to N.J.S.A. 2C:24-4a (count five).

On March 14, 2003, Petitioner pled guilty to count five, second-degree endangering the welfare of a child.  The State agreed to recommend dismissal of the remaining counts, agreed to recommend a sentence of seven years with a three and one-half year period of parole ineligibility, and agreed to waive its right to seek an extended term sentence.

On June 13, 2003, Petitioner was sentenced in accordance with the plea agreement to a seven-year custodial sentence with a three and one-half year period of parole ineligibility.  On December 13, 2005, the Superior Court of New Jersey, Appellate Division ("Appellate Division") affirmed the sentence.  On March

2

16, 2006, Petitioner's petition to the New Jersey Supreme Court, seeking certification to challenge the sentencing court's authority to impose a parole disqualifier, was denied.

On June 6, 2006, Petitioner filed this petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York. On June 26, 2006, the petition was transferred to this Court.

On July 20, 2006, Petitioner was advised of his rights pursuant to pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). An Order to Answer was issued and Respondents filed a Response to the Petition on March 1, 2007.

Liberally construing the petition, Petitioner asserts the following claims in this habeas petition: (1) he was not provided an interpreter; (2) ineffective assistance of counsel; (3) his sentence was unfair; and (4) he was tricked into pleading guilty.

## DISCUSSION

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the

3

AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").[1]

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a

---

[1] Although a petition for writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

4

petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).

The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same. See id. at 277.

Moreover, the exhaustion doctrine is a "total" exhaustion rule. That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]." Lundy, 455 U.S. at 522. At the time Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[2] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)). Because

---

[2] See 28 U.S.C. § 2244(d).

of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151. Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. ... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the

6

>petitioner to delete the unexhausted claims and to
>proceed with the exhausted claims if dismissal of the
>entire petition would unreasonably impair the
>petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Few courts have provided guidance as to what constitutes "good cause" for failing to exhaust a claim in state court within the meaning of Rhines. In Pace v.DiGuglielmo, 544 U.S. 408 (2005), the Supreme Court stated, "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" Here in the Third Circuit, the Court of Appeals has emphasized the need to be mindful of Justice Stevens's concurrence in Rhines, which cautions that "'good cause' for failing to exhaust state remedies more promptly ... is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary pro se prisoner,'" but has not otherwise defined the standard to be applied. Ellison v. Rogers, 2007 WL 1299120, *3 (3d Cir. May 4, 2007) (quoting Rhines, 544 U.S. at 279 (Stevens, J., concurring)). Some lower federal courts have adopted the standard for "cause" applicable to procedural defaults, which requires that some "objective factor external to the defense" made it impossible to bring the claim earlier in state court proceedings, as required by Coleman v. Thompson, 501 U.S. 722, 754 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). See, e.g., Tullis v. Kontah, 2007 WL

915197 (S.D. Ohio) (collecting cases). In Jackson v. Roe, the Court of Appeals for the Ninth Circuit rejected the contention that Rhines requires a showing of "extraordinary circumstances," but did not otherwise provide guidance. At the opposite extreme, one court simply requires "a prima facie case that a justifiable, legitimate reason exists which warrants the delay of federal proceedings while exhaustion occurs." See Brisco v. Scribner, 2005 WL 3500499 (E.D. Cal. Dec. 21, 2005) (Report and Recommendation), Report and Recommendation adopted, 2006 WL 568224 (E.D. Cal. March 3, 2006).

In this case, it is clear that Petitioner has failed to exhaust all but one of his habeas claims.[3] Petitioner does not request that we stay his petition; however, even if he had, under even the most generous of standards Petitioner has failed to

---

[3] As noted, Petitioner did appeal his sentence to the Appellate Division and the New Jersey Supreme Court. His appeals were denied. Regardless of whether or not this claim is exhausted, the claim has no merit. A federal court's ability to review state sentences is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigencies." See Grecco v. O' Lone, 661 F. Supp. 408, 415 (D.N.J. 1987) (citation omitted). Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation. See Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984); see also  28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990). In this case, the record does not reflect, nor does Petitioner submit, that the sentence imposed separately violates a federal constitutional limitation. Thus, Petitioner is not entitled to relief on this ground.

establish "good cause" for his failure to exhaust his state remedies.  Petitioner could have raised his ineffective assistance claims and interpreter claim, as well as any other challenges to his plea agreement, in state court by way of a post-conviction relief petition.  Petitioner does not suggest that he filed in this Court out of confusion nor does he suggest that he is pursuing his unexhausted claims contemporaneously in state court in order to avoid delay.  Indeed, Petitioner fails to proffer any reason whatsoever for his failure to exhaust these claims in state court.  Under these circumstances, it would be an abuse of discretion to grant a stay.  See Rhines, 544 U.S. at 276-78.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

9

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that the Petition is unexhausted.

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is dismissed, without prejudice. The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253.

An appropriate Order accompanies this Opinion.

/s/ Faith S. Hochberg
United States District Judge

Dated: September 10, 2007

10